IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                               CV 15-972 JAP/WPL
                                                 CR 14-1371 JAP

DEVIN JASPERSE,

       Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

Devin Jasperse filed a pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on October 28, 2015. (CV Doc. 1; CR Doc. 46.)[1] After several mailings to Jasperse were returned undelivered, I ordered Jasperse to show cause why his motion should not be dismissed for failure to comply with Local Rule 83.6, which provides that parties, including pro se parties, "have a continuing duty to notify the Clerk, in writing, of any change in their . . . mailing address[]." D.N.M.LR-Civ. 83.6. (Doc. 10.) Jasperse was warned that failing to update his mailing address or otherwise respond to the Order to Show Cause would constitute an independent basis for dismissal of his case. (*Id.*) Jasperse failed to respond to the Order to Show Cause or to otherwise update his mailing address. The Court subsequently dismissed Jasperse's § 2255 motion without prejudice and closed the case on December 1, 2015. (Doc. 11.)

On June 13, 2016, Jasperse—through counsel—filed a Motion to Reinstate and Amend Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Doc. 13.)

---

[1] All citations to "CV Doc." refer to documents filed in the civil case, CV 15-972 JAP/WPL. All citations to "CR Doc." refer to documents filed in the criminal case, CR 14-1371 JAP. Documents filed in both cases are cited by reference to the corresponding document in the civil case.

Because Jasperse seeks to reopen a closed civil case, I have construed his motion, in part, as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). (Doc. 15.) I ordered Jasperse to explain why he is entitled to relief under Rule 60(b), and allowed the United States an opportunity to respond. (*Id.*)

The matter before me now is Jasperse's motion for relief from judgment under Rule 60(b). Counsel explained that Jasperse was housed at the Torrance County Detention Facility, in New Mexico, when he filed the original motion under § 2255, but was transferred to the United States Penitentiary in Florence, Colorado, at some point while the case was pending.[2] (Doc. 16.) Counsel further states that "it is extremely unlikely that [Jasperse] was aware of this Court's local rules," specifically the rule requiring parties to maintain a current address on file with the Clerk of Court. (*Id.* at 2.) Jasperse relies on Rule 60(b)(1) to justify relief judgment, because his "failure to follow the strictures of Local Rule 83.6 is clearly a product of 'mistake' or 'excusable neglect.'" (*Id.*) Finally, Jasperse cites to *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), for the proposition that a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than pleadings drafted by counsel. (*Id.* at 2-3.)

The United States responded that the "mistake" contemplated in Rule 60(b)(1) was "when the judge has made a substantive mistake of law or fact in the final judgment or order," *Duran v. Bravo*, 2012 WL 2175768, at *9 (D.N.M. June 11, 2012) (unpublished) (quoting *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999)). (Doc. 17 at 2.) Further, the United States noted that ignorance of the law is generally no excuse. (*Id.*) Under the circumstances, where the

---

[2] Footnote 2 of the response to my order for supplemental briefing states that "Counsel has been trying daily to set up a legal phone call with [Jasperse] at U.S.P. Florence, and has left at least eight detailed messages with counselors and case workers over the last two weeks. Not a single call has been returned and counsel has, therefore, been unable to confirm exactly when [Jasperse] arrived in Florence, and what, if anything, he knew about the status of his case." (Doc. 16 at 2.)

stated "mistake" or "neglect" is Jasperse's failure to comply with the local rules, the United States contends that Jasperse is not entitled to relief under Rule 60(b).

Jasperse's first § 2255 motion was dismissed without prejudice because Jasperse failed to comply with a Court order and failed to follow this Court's local rules. (Doc. 11.) Based on that dismissal, Jasperse's ability to file another § 2255 motion is limited by statute, such that he could only file a second or successive § 2255 motion under specific circumstances and only with the Tenth Circuit's prior authorization. *See* 28 U.S.C. § 2255(h). Jasperse characterized the instant motion as a motion for relief from judgment under Rule 60(b), not a second or successive motion under § 2255. Determining which characterization is appropriate is a matter of judicial determination. *See generally Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005) (a Rule 60(b) motion may be subject to the requirements for second or successive applications under § 2254 if it asserts, or reasserts, a "claim," that is, "an asserted federal basis for relief from a state court's judgment of conviction) (made applicable to § 2255 petitions by *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006)). The first step is to determine whether this is truly a Rule 60(b) motion or whether it asserts merits-focused, second or successive claims. *See Spitznas v. Boone*, 464 F.3d 1213, 1216-17 (10th Cir. 2006).

"Under *Gonzales*, a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Id.* at 1215. On the other hand, a "true" 60(b) motion exists if the motion either (1) "challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application;" or (2) "challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Id.* at 1215-16.

3

Jasperse does not allege a defect in the integrity of the proceeding to date, but rather appears to challenge the Court's dismissal based on Jasperse's failure to comply with the local rules, which can be fairly construed as a procedural ruling precluding a merits determination of the prior petition. Jasperse does not contend that the court "incorrectly dismissed [his] petition for failure to exhaust, procedural bar," or other procedural reasons, *id.* at 1216 (providing examples of procedural issues in a true 60(b) motion), but instead that his failure to comply with the rules should be excused.

To the extent that Jasperse contends that his failure to comply with this Court's rules should be excused, he is incorrect. At no point between October 28, 2015, when Jasperse filed the original § 2255 motion, and June 13, 2016, when counsel filed the amended § 2255, did Jasperse contact or attempt to contact the Court about his case. This Court enjoys considerable discretion when ruling on Rule 60(b) motions, but relief under Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). Jasperse's neglect of his case does not meet the definition of "exceptional circumstances." Accordingly, to the extent that the Court construes Jasperse's motion to be a true Rule 60(b) motion, I recommend that the Court deny relief.

Additionally, Jasperse seeks to add a new basis for relief, pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), arguing that the law has changed, rendering his sentence unconstitutional. (Doc. 13.) Adding an additional federal basis for relief falls squarely within the substantive prong of the *Spitznas* analysis, requiring that the Court consider Jasperse's amended motion to be a second or successive filing. To that extent, I recommend that the Court conclude it does not have jurisdiction over the amended motion and refer the matter to the Tenth Circuit for prior approval for Jasperse to file the second or successive motion under § 2255. *See United*

*States v. Bonilla*, --- F. App'x ---, No. 16-5024, 2016 WL 3996168, at *2 (10th Cir. July 22, 2016) (unpublished) (district court was correct to dismiss a second or successive § 2255 motion for lack of jurisdiction).

As explained above, I recommend that the Court deny Jasperse's motion under Rule 60(b) to reconsider the underlying habeas petition because Jasperse is not entitled to relief from judgment for his own dilatoriness. Additionally, I recommend that the Court construe the remainder of the motion to amend, particularly the *Johnson* claim, as a second or successive motion under § 2255 and dismiss the petition for lack of jurisdiction.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.